UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

SBA Towers II, LLC

   v.                                                  Civil No. 09-cv-447-LM

Town of Atkinson

**O R D E R**

Before the court is the defendant's motion to reconsider (doc. no. 25) this court's order denying defendant's motion for summary judgment (doc. no. 24). For the following reasons, the motion is denied.

In its motion to reconsider, the Town makes two arguments. First, the Town reiterates its argument, advanced in both its motions to dismiss and for summary judgment, that this court lacks jurisdiction to hear this case. Second, the Town argues that this court's summary judgment decision was based on a manifest error of law under the Younger abstention doctrine, see Younger v. Harris, 401 U.S. 37 (1971), and the principle of comity which is part and parcel of that doctrine. See Brooks v. N.H. Sup. Ct., 80 F.3d 633, 637 (1st Cir. 1996). The court finds neither argument constitutes a sufficient basis on which to reconsider its order. See LR 7.2(e) (motion to reconsider "shall demonstrate that the order was based on a manifest error of fact or law").

With respect to the Town's argument that this court lacks jurisdiction over the claims in this case, the Town simply reiterated the same arguments this court has already rejected. With respect to the Younger abstention argument, the Town raises this argument for the first time in its motion to reconsider. Although the Town referenced abstention and comity in its answer to the complaint, the Town has not pressed these issues since. The Court is "entitled to expect represented parties to incorporate all relevant arguments in the papers that directly address a pending motion."  CMM Cable Rep, Inc. v. Ocean Coast Prop., Inc., 97 F.3d 1504, 1526 (1st Cir. 1996) (holding, plaintiff failed to preserve arguments because, though it "did advance the seeds of its legal theories" in its preliminary injunction filings, it failed to include the arguments in its "opposition to [defendant's] motion for summary judgment").  The Court finds that the Town's abstention argument is untimely and therefore waived.  See Jennings v. Jones, 587 F.3d 430, 444 (1st Cir. 2009) ("Jennings did not present the argument to the district court until his motion to reconsider the court's decision to grant a new trial, and it is waived.").

Nor can the Town argue that its jurisdictional argument in some way implied that the court should consider abstention issues.  To the contrary, the doctrine of Younger abstention

2

presumes the federal court has jurisdiction in the case. See Brooks, 80 F.3d at 638 (explaining that Younger abstention requires, in the proper circumstances, that "a federal court must abstain from reaching the merits of a case over which it has jurisdiction").

Finally, it bears mention that even if the Court were to consider the Town's newly raised abstention argument, the Town's motion does not make clear to the Court that there are any "ongoing" state proceedings in this matter. See id. (holding, in context of Younger abstention, that "ongoing" state court proceedings are "proceedings . . . pending before duly constituted state courts").

For these reasons, the defendant's motion to reconsider (doc. no. 25) is denied.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

December 15, 2010

cc: Steven E. Grill, Esq.
    Thea S. Valvanis, Esq.