UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

SBA Towers II, LLC

    v.                                              Civil No. 09-cv-447-LM

Town of Atkinson

**O R D E R**

Before the court is plaintiff's motion for summary judgment (doc. no. 14) on Count I of its complaint. For the reasons set forth below, the motion is granted.

Background

In this action, SBA Towers II, LLC ("SBA") seeks approval to install three flush-mounted wireless telecommunications panel antennas onto an existing cell tower located in the Town of Atkinson ("Town"). This is not the first time that SBA has been before this court seeking approval for these changes to this cell tower. See generally SBA Towers II, LLC v. Town of Atkinson, No. 07-CV-209-JM, 2008 WL 4372805 (D.N.H. Sept. 19, 2008) ("Atkinson I"). In Atkinson I the issue before the court was whether the Town's Zoning Board of Adjustment ("ZBA") had properly denied SBA's application for a "special exception" to the zoning regulations for this cell tower. The court ruled

1

that ZBA's denial was not supported by substantial evidence and therefore violated the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7)(B) ("TCA").  See Atkinson I, 2008 WL 4372805, at *18.  The court overturned the ZBA's decision and ordered it to grant SBA's exception immediately.  Id.

The court did not, however, grant SBA's request for an order permitting SBA to install the cell tower equipment.  Id. at *19.  The court deferred to the language in a contract between the parties, referred to as the "Stipulation & Addendum," which contract, all parties agree, governs the use of this cell tower.  See id. at *1-2 (explaining the genesis and history of the Stipulation & Addendum).  The court ruled that the Stipulation & Addendum, by its express terms, required SBA to seek the approval of the Town's Board of Selectmen ("Board"), apart from the ZBA, before making the proposed changes to the cell tower.  Id. at *19.  Thus, while ruling that the ZBA had improperly denied SBA's application for approval of the proposed changes to this cell tower, the court sent SBA back to the Town, pursuant to the terms of the Stipulation & Addendum, to receive approval from the Board for the same proposed changes.

SBA complied with the court's order in Atkinson I and sought the Town's approval for its proposed changes to this cell tower.  The Town denied its approval in a decision issued on

November 23, 2009 (hereinafter referred to as the "November Decision").

In its second appearance before this court, SBA now seeks a ruling that the Town's decision denying approval violates the TCA. Specifically, SBA contends that the November Decision is not supported by substantial evidence, in violation of section 332(c)(7)(B)(iii) of the TCA (Count I or "substantial evidence claim").[1] SBA has moved for summary judgment on this claim, arguing that the record[2] does not contain substantial evidence to support the November Decision. Defendant objects (doc. no. 16).

## Discussion

I. <u>Standard of Review</u>

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] In its complaint, SBA asserts three other causes of action against the Town. Count II alleges that the November Decision violates the "effective prohibition" clause of the TCA, 47 U.S.C. § 332(c)(7)(B)(i)(II). Count III alleges that the Town has violated various provisions of state law. Count IV sounds in breach of contract. This order deals only with Count I.

[2] The record before the court includes the administrative record (doc. no. 13) of the proceedings before the Town ("Admin. R.") and additional e-mails and correspondence which had been omitted from that record.

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue is one "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). A material fact is one "that might affect the outcome of the suit." Id. at 248. In ruling on a motion for summary judgment, the court construes the evidence in the light most favorable to the non-movant. See Navarro v. Pfizer Corp., 261 F.3d 90, 94 (1st Cir. 2001). Under this court's local rules:

> A memorandum in opposition to a summary judgment motion shall incorporate a short and concise statement of material facts, supported by appropriate record citations, as to which the adverse party contends a genuine dispute exists so as to require a trial. All properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party.

LR 7.2(b)(2).

The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the burden shifts to the non-movant to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such

evidence, the motion must be granted." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996) (citing Celotex, 477 U.S. at 323, and Anderson, 477 U.S. at 249). Neither conclusory allegations, improbable inferences, nor unsupported speculation is sufficient to defeat summary judgment.  See Carroll v. Xerox Corp., 294 F.3d 231, 236-37 (1st Cir. 2002); see also Price v. Canadian Airlines, 429 F. Supp. 2d 459, 461 (D.N.H. 2006).

II.  The Town Did Not Respond to the Factual and Legal Arguments in SBA's Motion

In its response to SBA's motion, the Town failed to address SBA's claim that the November Decision is not supported by substantial evidence.  Nor did the Town argue that any material factual dispute exists that would preclude summary judgment on that claim.  The Town has thus failed to carry its burden to "produce evidence on which a reasonable finder of fact . . . could base a verdict for it."  Fed. R. Civ. P. 56(e)(2); see also Ayala-Gerena, 95 F.3d at 94; LR 7.2(b)(2).  As the record is therefore undisputed, the court is left only to determine whether SBA is entitled to judgment as a matter of law under the prevailing standards of the TCA.

III. The TCA

The TCA requires that "any decision" by a municipality "to deny a request to place or modify personal wireless service facilities" must be in writing and be supported by "substantial evidence."  47 U.S.C. § 332 (c)(7)(B)(iii).  The First Circuit has explained that, to satisfy this provision of the TCA, a municipality's "written denial must contain a sufficient explanation of the reasons for the permit denial to allow a reviewing court to evaluate the evidence in the record supporting those reasons."  Sw. Bell Mobile Sys., Inc. v. Todd, 244 F.3d 51, 60 (1st Cir. 2001).  "Substantial evidence" supporting those reasons "'does not mean a large or considerable amount of evidence, but rather such evidence as a reasonable mind might accept as adequate to support a conclusion.'"  ATC Realty, LLC v. Town of Kingston, 303 F.3d 91, 94 (1st Cir. 2002) (quoting Cellular Tel. Co. v. Zoning Bd. of Adjustment, 197 F.3d 64, 71 (3d Cir. 1999)).  Based on a review of the undisputed facts, and as explained below, the court finds that the November Decision does not meet the TCA's "writing" requirement and, in any event, is not supported by substantial evidence.

    A.   The "Writing" Requirement

With respect to the TCA's writing requirement, the November Decision falls short.  There is no dispute that the Town

6

neglected to set forth its denial, and the rationales for its denial, in a separate writing.  Instead, Selectman Bill Bennett read a letter into the record at the November 23, 2000, Board meeting stating reasons why he, personally, would deny SBA's application.  See Doc. No. 13, Admin. R., Ex. 29.  Bennett then placed a motion before the Board requesting that the Board deny SBA's request, and he incorporated into his motion the statement he had just read into the record.  The Board then voted to deny SBA's application.  This denial is what the court refers to as the "November Decision."

   While the November Decision can be located in the minutes of the Board meeting, this court holds, as did the court in Indus. Tower & Wireless, LLC v. Town of E. Kingston, Case No. 07-cv-399-PB, 2009 WL 799616, at *4 (D.N.H. Mar. 26, 2009), that "minutes cannot serve as a substitute for a separate written decision."  Id.  The Town therefore violated the TCA by failing to set forth its rationales in a separate written decision.

   Summary judgment in SBA's favor on Count I would be warranted on this basis alone.  However, even assuming the Town satisfied the writing requirement, the court finds, for the reasons which follow, that the Town failed to issue a decision supported by substantial evidence.

B.  Substantial Evidence

Construed favorably to the Town, the rationale for its November Decision was two-fold: (a) feasible alternative sites for a cellular communications tower may exist elsewhere in the Town; and (b) SBA "stonewalled" the approval process.  Doc. No. 13, Admin. R., Ex. 29.  The court discusses each rationale below.

1.  Feasible Alternative Sites

The first rationale for the November Decision was that feasible alternatives may exist for the cell towers at issue. The problem with this rationale is that the Town, throughout the approval process, led SBA to believe that the issue of "feasible alternatives" was not of concern to the Town, and that, therefore, SBA did not have to refute the existence of any such "feasible alternatives" to obtain the Town's approval.

In the usual TCA case, the issue of "feasible alternatives" is relevant because the law governing the approval process (i.e., ordinance and state statutes) typically includes the existence of "feasible alternatives" as a consideration in approving or denying a particular plan.  See Sw. Bell, 244 F.3d at 63 (construing Town's bylaw to require carrier to evaluate feasibility of alternative sites); Indus. Tower, 2009 WL 2704579, at *7 & n.2 (finding state zoning's statute's

8

"unnecessary hardship" language required inquiring into feasible alternatives). Additionally, in the usual TCA case, the absence of evidence on the record inures to the detriment of the carrier because the carrier has the burden during the approval process to develop a record demonstrating that no feasible alternatives exist. See, e.g., Sw. Bell, 244 F.3d at 63 (holding that carrier, in bringing substantial evidence claim under the TCA, had the burden to establish that no feasible alternative sites existed); see also Indus. Tower, 2009 WL 2704579, at *7 & n.2 (placing burden on carrier in its substantial evidence claim to establish absence of feasible alternatives).

    However, this is not a typical TCA case. Here, the legal authority governing the approval process was the parties' Stipulation and Addendum. See Atkinson I, 2008 WL 4372805, at *19. The statements and conduct of SBA and the Town during the approval process demonstrate that neither party considered the existence of feasible alternative sites to be a factor under the Stipulation and Addendum. In the following specific ways, the Town led SBA to reasonably believe that it would not need to address the issue of feasible alternative sites:

- For the several months prior to the September 21, 2009, Board meeting, the Town did not raise the issue of feasible alternatives, even though it raised

several other issues it believed were properly under consideration pursuant to the Stipulation and Addendum. See, e.g., Doc. No. 13, Admin. R., Ex. 10 (raising issues dealing with safety, the necessary details to be contained in SBA's application, and landscaping).

- At the September 21, 2009, Board meeting, Selectman Bennett stated that he believed that the availability of feasible alternative sites was a critical issue "in many legal cases to date." Doc. No. 13, Admin. R., Ex. 16. SBA explained that, in light of the procedural history of the case, it was not "appropriate to ask us to do a feasibility analysis." Id. The Town replied that it "wasn't asking [SBA] to do so," but just wanted to know "if anything more in that area will be forthcoming." Id. SBA responded that it didn't intend to present "anything more about alternatives." Id.

- In the two months following the September 21, 2009, meeting, and leading up to the November Decision, the Town did not press the issue of feasible alternatives. This is in stark contrast to the Town's persistence, throughout the process, in pressing other issues,

>   mostly relating to engineering details and safety.
>   <u>See, e.g.</u>, Doc. No. 14-1, Pl. Statement of Material
>   Facts, ¶¶ 12-16; 18-22; 24, 27.

- At the November Board meeting, Selectman Bennett admitted that the Town may have led SBA down "the garden path" into believing that non-technical issues were irrelevant considerations in the approval process.  Doc. No. 13, Admin. R., Ex. 29.

Based on the parties' statements and their course of conduct throughout the approval process, the court finds that SBA reasonably understood the approval process under the Stipulation and Addendum not to require a consideration of feasible alternatives.  The Town has failed, by its limited response to SBA's motion for summary judgment, to proffer any factual or legal argument to the contrary.  For these reasons, the court finds the Town's "feasible alternative" rationale is not supported by the record.

   2.  <u>"Stonewalling"</u>

The second rationale for the November Decision was that SBA engaged in "stonewalling" tactics throughout the approval process that caused unnecessary delay and generally burdened the process.  There is no evidence in this record to support such a finding.  The undisputed facts reveal that, while the parties

11

struggled to define what issues were relevant to the approval process, SBA, nevertheless, made consistent efforts to comply with the Town's various requests. See Doc. No. 14-1, Pl. Statement of Material Facts, ¶¶ 18-22(initial structural analysis); ¶¶ 17 (landscaping); ¶¶ 29-32 (follow-up on structural analysis). Again, in its limited response to SBA's motion for summary judgment, the Town has not proffered any factual or legal argument to the contrary. Thus, the court finds that there is no substantial evidence to support the Town's stated rationale that SBA "stonewalled" the approval process.

In sum, therefore, the court finds that the Town's November Decision denying SBA's application violates the TCA, 47 U.S.C. § 332 (c)(7)(B)(iii), as no substantial evidence supports either rationale relied on by the Town in rendering that decision.

## Conclusion

For the foregoing reasons, and for the reasons contained in SBA's memoranda, SBA's motion for summary judgment as to Count I (doc. no. 14) is granted. The Town of Atkinson, and each of its agencies and instrumentalities, is directed to issue all approvals and permits necessary to allow the three panel antennas and related equipment to be installed forthwith, in

accordance with the plans identified by SBA on October 9, 2009, as its final plans, appearing as Exhibit 23 of the record in this case.  See Nat'l Tower, LLC v. Plainville Zoning Bd. of Appeals, 297 F.3d 14, 22 (1st Cir. 2002) (where municipality's denial violates the TCA, the proper remedy is to instruct the municipality to grant the request that had been denied).

The court's resolution of Count I disposes of the case and therefore precludes the need for analysis of the remaining counts.  Accordingly, the clerk is ordered to close the case.

SO ORDERED.

_____
Landya B. McCafferty
United States Magistrate Judge

December 15, 2010

cc:  Steven E. Grill, Esq.
     Thea S. Valvanis, Esq.